OPINION
{¶ 1} Defendant-Appellant, Bryan M. Baker, appeals a judgment of the Union County Court of Common Pleas, sentencing him upon his conviction for escape in violation of R.C. 2921.34(A)(1). On appeal, Baker asserts that the trial court erred in sentencing him to more than the minimum term of imprisonment. Finding that Baker's sentence is void as based upon unconstitutional statutes, pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the judgment of the trial court is reversed and remanded for further proceedings.
 {¶ 2} In January of 2005, Baker was arrested following an incident at the Alley Cat, a bar located in the village of Richwood in Union County. In March of 2005, Baker was indicted by the Union County Grand Jury for one count of obstructing official business in violation of R.C. 2921.31, a felony of the fifth degree, one count of assault on a police officer in violation of R.C. 2903.13(A) (C)(3), a felony of the fourth degree, and one count of escape in violation of R.C. 2921.34(A)(1), a felony of the third degree.
 {¶ 3} In October of 2005, Baker entered a guilty plea to one count of escape in violation of R.C. 2921.31(A)(1), and the State dismissed all other charges.
 {¶ 4} Subsequently, the trial court held a sentencing hearing. At the hearing, the trial court found "that the shortest term would demean the seriousness of the offense and does not adequately protect the public from further violations of law by the defendant." (Sentencing Tr. p. 25.) Accordingly, the trial court sentenced Baker to three years in prison, which was more than the minimum sentence provided for a third degree felony under R.C. 2929.14(A)(3). It is from this judgment Baker appeals, presenting the following assignment of error for our review.
The trial court erred by sentencing the Defendant to a term ofimprisonment greater than the minimum without a sufficient basisof facts to draw the necessary conclusion that that (sic.) theshortest term would demean the seriousness of the offender'sconduct and will not adequately protect the public from thefuture crime by the defendant.
 {¶ 5} In the sole assignment of error, Baker asserts that the trial court erred in sentencing him to more than the minimum term of imprisonment allowable for a third degree felony under R.C.2929.14(A)(3). Specifically, Baker asserts that the trial court failed to make adequate findings on the record and that the record fails to support the trial courts sentence.
 {¶ 6} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, supra. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B), which requires judicial findings for a sentence of more than the minimum term. 2006 Ohio 856, ¶ 61. As noted above, the trial court herein made specific findings under R.C. 2929.19(B), when determining Baker's sentence. Pursuant to the ruling of the Ohio Supreme Court in Foster, we find that Baker's sentence is void as being based upon unconstitutional statutes. Thus, the sole assignment of error is sustained.
 {¶ 7} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings pursuant to State v. Foster, supra.
Judgment reversed and remanded.
 Bryant, P.J., and Shaw, J., concur.