OPINION *Page 2 
{¶ 1} Defendant-Appellant, Bryan M. Baker, appeals the judgment of the Union County Court of Common Pleas, resentencing him to four years in prison. On appeal, Baker argues that the trial court erred in increasing his sentence from three years to four years in prison after this Court remanded his case to the trial court for resentencing based on State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Finding that the trial court did not err in increasing Baker's sentence, we affirm the judgment of the trial court.
 {¶ 2} In January 2005, Baker was arrested following an incident at the Alley Cat, a bar located in the Village of Richwood in Union County. In March 2005, the Union County Grand Jury indicted for one count of obstructing official business in violation of R.C. 2921.31, a felony of the fifth degree; one count of assault on a police officer in violation of R.C. 2903.13(A),(C)(3), a felony of the fourth degree; and, one count of escape in violation of R.C. 2921.34(A)(1), a felony of the third degree.
 {¶ 3} In October 2005, Baker pled guilty to one count of escape in violation of R.C. 2921.34(A)(1), a felony of the third degree, and the State dismissed all other charges. Subsequently, the trial court sentenced Baker to three years in prison. *Page 3 
 {¶ 4} In November 2005, Baker filed a notice of appeal with this Court.
 {¶ 5} In June 2006, this Court remanded for resentencing based onFoster, supra. State v. Baker, 3d Dist. No. 14-05-52, 2006-Ohio-3074, ¶¶ 5-7.
 {¶ 6} In August 2006, the trial court resentenced Baker to four years in prison, one year longer than the original prison term imposed.
 {¶ 7} It is from this judgment Baker appeals, presenting the following assignment of error for our review.
 The Trial Court Erred in Increasing Appellant's Sentence on Remand.
 {¶ 8} In Baker's sole assignment of error, he argues that his new and harsher sentence was a result of vindictiveness and thus a violation of his Due Process rights. We disagree.
 {¶ 9} As this Court stated in State v. Wagner, 3d Dist. No. 14-06-30,2006-Ohio-6855:
 The Fifth District Court of Appeals has considered whether a re-sentencing pursuant to the Supreme Court of Ohio's decision in Foster which imposes a harsher sentence is a result of vindictiveness in State v. Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542 through analyzing the Supreme Court decision of North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072. The Fifth District Court of Appeals held that because due process compelled the trial court to affirmatively explain the increase in its sentence in order to overcome the Pearce presumption of vindictiveness, it found that the reasons given by the trial court failed to ensure that a non-vindictive rationale led to the second, higher sentence. Therefore, the sentence in Paynter was remanded. *Page 4 
 In Pearce, the Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction but upon remand was given a harsher sentence. The Supreme Court held that a defendant's due process rights were violated when a harsher sentence was imposed as a result of vindictiveness in a successful appeal. The Supreme Court stated that, if a more severe sentence is imposed following appeal, the reasons for the harsher sentence must appear on the record and must be "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726, 89 S.Ct. at 2081.
 Following the decision in Pearce, the Supreme Court decided Wasman v. United States (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424. In Wasman, the Supreme Court clarified its Pearce holding by making it clear that enhanced sentences on remand were not prohibited unless the enhancement was motivated by actual vindictiveness against the constitutionally guaranteed rights. Wasman, 468 U.S. at 568. The Supreme Court further clarified the Pearce decision in Alabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201 explaining that, unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden was on the defendant to show actual vindictiveness. Id. at 799, 109 S.Ct. at 2204-05.
 At the outset, we are not convinced that the traditional review for vindictiveness following an appeal invoked in the foregoing authorities and applied by the Fifth District in Paynter, is specifically applicable to sentencings under State v. Foster, where the original sentence has not simply been found to be in error but has been found to be void. Foster at ¶ 103. Moreover, we note the express statement of the Ohio Supreme Court in Foster on the issue of re-sentencing that "[w]hile the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties," Id. at ¶ 105 (emphasis added), citing United States v. DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426, 66 L.Ed.2d 328. Of course, we are mindful that permitting the state to seek a greater penalty may also *Page 5 necessarily imply an obligation upon the state and the trial court to advance a reason for doing so.
 Nevertheless, in view of the Foster and State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, decisions, we are reluctant to endorse the imposition of additional required findings upon the trial courts of the district in re-sentencings under Foster-particularly where it is either apparent or can be readily presumed that the original sentence was the result of constraint imposed by a sentencing factor which the Supreme Court of Ohio subsequently determined to be void; or where the trial court appears to have re-evaluated the record or considered additional factors at the re-sentencing.
Wagner, 2006-Ohio-6855, at ¶¶ 7-12.
 {¶ 10} Here, we do not find the resentencing in this case to be problematic. First, Baker's new sentence of four years falls within the sentencing range for a third degree felony. Second, the trial court appears to have re-evaluated the record and considered additional factors in resentencing Baker.
 {¶ 11} Specifically, in the original judgment entry sentencing Baker, the trial court provided, "[t]he Court has considered the record, oral statements, any victim impact statement, the pre-sentence report, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors under R.C. 2929.12." The court also found "that the shortest term possible would demean the seriousness of the offense and would not adequately protect the public." No other basis, finding, or explanation appears in the record and Baker was sentenced to three years. *Page 6 
 {¶ 12} In the resentencing on remand, the judgment entry of the trial court provides, "[t]he Court has considered the record, oral statements, any victim impact statement, no pre-sentence report having been prepared[1], as well as the principles and purposes of sentencing and has balanced the seriousness and recidivism factors. The Court finds that prison is consistent with the principles and purposes of sentencing and that the shortest prison time would demean the seriousness of the offense and would not protect the public. The Courtfurther finds that Defendant has no remorse for his conduct and that thepublic is at risk from his anti-social actions and needsprotection." (Emphasis added).
 {¶ 13} Accordingly, it appears that the trial court has re-evaluated the record and considered additional factors at resentencing, specifically that Baker has no remorse for his conduct and that the public is at risk from his anti-social actions and needs protection.
 {¶ 14} Therefore, under these circumstances, we are convinced that the record in support of the resentence to a higher prison term is sufficient to dispel a "reasonable likelihood of vindictiveness" in order to overcome the application of the United States Supreme Court authorities cited earlier. In addition, we find that Baker's new sentence was not unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion directly under the Foster decision. *Page 7 
 {¶ 15} Accordingly, Baker's sole assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. r
[1] We note that, during the sentencing hearing, the trial court provided that "[it] has considered the presentence report, which I've read again." (Tr. p. 6). Accordingly, we will consider this statement in the journal entry as a clerical error. *Page 1