[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ON RECONSIDERATION
{¶ 1} This matter is before the court on an App.R. 26(A) application for reconsideration filed by Defendant-Appellant, Kevin L. Bradley. Plaintiff-Appellee, State of Ohio, has not filed a memorandum in opposition to Bradley's application.
 {¶ 2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Cityof *Page 2 Columbus v. Hodge (1987), 37 Ohio App.3d 68, at 68.
 {¶ 3} Bradley asks us to reconsider two findings in our decision of December 7, 2007, in which we affirmed Bradley's conviction and sentence. The first is our finding that the prosecutor presented a non-vindictive reason for charging Bradley with offenses in Case No. 06-CR-234 additional to offenses that were charged in Case No. 04-CR-06, following our reversal of Bradley's convictions in Case No. 04-CR-06.State v. Bradley, Champaign App. No. 2005-CA-15, 2005-Ohio-6533. The second is our finding that the trial court satisfied the requirement ofNorth Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656, when, upon Bradley's second conviction for two of the charges in Case No. 04-CR-06, the court imposed harsher sentences than it had previously imposed for the same offenses, because the court's announced purpose in doing so was non-vindictive.
 {¶ 4} Following our reversal of Bradley's convictions, the State proceeded on remand on the charges in Case No. 04-CR-06, and, in addition, indicted Bradley on several new charges in Case No. 06-CR-234. Those additional charges were for perjury and witness intimidation, and arose from telephone calls Bradley allegedly made from jail over the weekend days preceding the commencement of his trial in Case No. 04-CR-06 *Page 3 
on Monday. The prosecutor explained that those new offenses had not been charged in Case No. 04-CR-06 for two reasons. First, because to procure an indictment would have required a continuance of the scheduled trial. Second, proof of those new charges would require additional testimony from Bradley's son, who was deeply troubled by the evidence he had agreed to give against Bradley on the offenses alleged in Case No. 04-CR-06.
 {¶ 5} We found that the explanation the prosecutor presented portrayed a non-vindictive reason for the new, additional charges in Case No. 06-CR-234 that were joined with the charges in Case No. 04-CR-06 for trial following our reversal and remand. We noted that on remand the testimony of Bradley's son would be required in any event, and that a continuance was no longer an issue. Bradley challenges our rationale in his application for reconsideration, but offers no compelling reason to conclude that we committed an obvious error. Hodge. Therefore, that prong of Bradley's application for reconsideration is Denied.
 {¶ 6} Following our reversal of Bradley's convictions in Case No. 04-CR-06, and his indictment in Case No. 06-CR-234, and the joinder of all charges in a single proceeding, Bradley entered negotiated pleas of guilty to four offenses: *Page 4 
vandalism, solicitation of attempted perjury, illegal assembly or possession of chemicals for the manufacture of drugs, and aggravated possession of drugs. For the latter two offenses, which were charged in Case No. 04-CR-06, the sentences the court imposed were increased, in relation to those previously imposed, from four to five years and from six to twelve months, respectively. The aggregate sentence for all four offenses is eight years.
 {¶ 7} Because harsher sentences for the same offenses were imposed by the same judge following a reversal and remand, a presumption of vindictiveness arose which the court was required to rebut by affirmative findings regarding conduct or events discovered since the prior sentencing. Pearce; Wasman v. United States (1984), 468 U.S. 559,104 S.Ct. 3217, 82 L.Ed.2d 424. The subject of the finding must be the defendant's conduct. Pearce. To overcome the presumption of vindictiveness, the conduct or events associated with them must "throw `new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.'" Wasman, 468 U.S. 559, at 570-71, quoting Williams v. New York (1949), 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337.
 {¶ 8} The sentences the court previously imposed in Case No. 04-CR-06 were on fourteen offenses of which Bradley was *Page 5 
convicted, and in their aggregate totaled twenty-seven and one-half years. Bradley's pleas of guilty to but four offenses charged in Case Nos. 04-CR-06 and 06-CR-234 exposed Bradley to far fewer penalties and a smaller aggregate sentence. In imposing harsher sentences that it previously had imposed for two of those offenses, the court explained:
 {¶ 9} "{¶ 24} `Considering the totality of the sentences that were imposed previously and the sentences that are imposed now, the Court believes it has the authority to impose maximum and consecutive sentences. The Court believes that the position stated by the prosecutor is a correct one.'
 {¶ 10} "{¶ 25} `That the sentence in the previous case was imposed in view of all the convictions. The Court has the same responsibility now to decide what sentence to impose when considering matters before the Court.' (T. 18-19).
 {¶ 11} "{¶ 26} `The reduction in possible prison time in the present situation compared to what was originally imposed is of significant reduction. The Court had to think long and hard about authorizing the plea to take affect.'
 {¶ 12} "{¶ 27} `The Court realizes that from the statements that were made after the negotiations were completed-By statements, I mean the ones on the record-that each side gave up something in the negotiation process to reach the position *Page 6 
that was reached.'
 {¶ 13} "{¶ 28} `The Court also is giving up something in authorizing the plea to be accepted because the Court believed in the sentence that it imposed originally or the Court wouldn't have imposed it then, so it required the Court to look freshly at what the result is. After considering all of that information, Case No. 2004-CR-06, COURT FOUR, vandalism, fifth degree felony. Sentence is twelve months to the Ohio Department of Corrections. Fine is $500.'
 {¶ 14} "{¶ 29} `Same case, amended COUNT SIX is aggravated possession of drugs, fifth degree felony. Sentence is twelve months to the Ohio Department of corrections. Fine is $500.'
 {¶ 15} "{¶ 30} `COUNT FIFTEEN, illegal assembly or possession of chemicals for the manufacture of drugs, third degree felony. Sentence is five years to the Ohio Department of Corrections. Fine is $500.'
 {¶ 16} "{¶ 31} `Case number 2006-CR-234, solicitation of attempt to perjury, fourth degree felony. Sentence is twelve months to the Ohio Department of Corrections. Fine is $500. Fines are concurrent. Confinement is consecutive, and that makes eight years." (T. 20-21).'"State v. Bradley, ¶ 24-31.
 {¶ 17} Addressing the Pearce and Wasman requirements in our decision of December 7, 2007, we concluded that the *Page 7 
significant event that had occurred since Bradley's prior sentencing was that the number of the offenses of which he was convicted was reduced from fourteen to but four as a result of Bradley's negotiated guilty pleas. While, as a factual matter, that is correct, on reconsideration we find that we erred in finding that the fact is one that justified the imposition of harsher sentences.
 {¶ 18} The fact that Defendant was convicted of fewer offenses did not involve any conduct of the Defendant in relation to the offenses of which he was convicted. Neither did that fact throw "new light" on Defendant's life, health, habits, conduct and mental and moral propensities. Wasman. The court could consider other charges that were dismissed by the State in weighing Defendant's conduct in committing the four offenses of which he was convicted in relation to the purposes and principles of felony sentencing in R.C. 2929.11. State v. Wiles (1991),59 Ohio St.3d 71. However, the fact that charges were dismissed, which as a result diminished the number of sentences the court could impose, portrays no basis for imposing harsher sentences. Therefore, while the court's explanation does not suggest a vindictive purpose, neither is it sufficient as a matter of law to rebut the presumption of vindictiveness that arose from the harsher sentences the court *Page 8 
imposed. Pearce.
 {¶ 19} Bradley argues that, in addition, the trial court's rationale for imposing harsher sentences, to achieve a particular aggregate sentence, violates the prohibition against sentence-packaging announced in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245. We approved the trial court's rationale in our decision of December 7, 2007. However, on reconsideration, we agree with Bradley.
 {¶ 20} The defendant in Saxon was convicted on his negotiated pleas of guilty of two counts of gross sexual imposition, R.C. 2907.05, one a fourth degree felony and the other a felony of the third degree because the age of the victim. The trial court imposed a sentence of four years on each count, to be served concurrently. On appeal, the defendant challenged the sentence for the fourth degree felony. The appellate court held that the trial court erred, because the maximum sentence for a fourth degree felony is eighteen months. R.C. 2929.14(A)(4). The court of appeals then vacated the sentences imposed for both the third and fourth degree felonies and remanded the case for resentencing.
 {¶ 21} The state appealed, arguing that the court of appeals erred when it also vacated the four-year sentence for the third degree felony, which the trial court is authorized *Page 9 
by R.C. 2929.14(A)(3) to impose. The Supreme Court agreed, and held:
 {¶ 22} "1. A sentence is the sanction or combination of sanctions imposed for each separate, individual offense.
 {¶ 23} "2. The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or sentences.
 {¶ 24} "3. An appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense."Id., Syllabus by the Court.
 {¶ 25} Writing for the court in Saxon, Justice O'Connor explained that the "sentencing package" doctrine is employed in federal courts and is a product of the Federal Sentencing Guidelines, which require federal courts to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan. Therefore, "an error within the sentencing package as a whole, even if only on one of multiple offenses, may require modification or vacation of the entire sentencing package due to the interdependency of *Page 10 
the sentences for each offense." Id., at ¶ 6. For that purpose, a federal appellate court has the authority to vacate all sentences, even if only one is reversed on appeal. Id., citing § 2106, Title 28, U.S. Code.
 {¶ 26} In contrast, and with respect to the particular error the court of appeals in Saxon committed, R.C. 2953.08(G)(2) authorizes Ohio's courts of appeals to "increase, reduce, or otherwise modify a [felony] sentence that is appealed under this section," or to "vacate the sentence and remand the matter to the sentencing court for resentencing" if the sentence is contrary to law. Limiting the court's authority in that respect to the particular sentence tainted by error corresponds to R.C. 2929.14(A)(1)-(5), which sets out the range of available terms "(f)or a felony" of each degree concerned. "The statute makes no provision for grouping offenses together and imposing a single, `lump' sentence for multiple felonies." Saxon, ¶ 8. (Emphasis supplied). TheSaxon court further stated:
 {¶ 27} "{¶ 9} Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal *Page 11 
sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. See R.C. 2929.11 through
 {¶ 28} 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100, 102, 105; R.C.2929.12(A); State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.
 {¶ 29} "{¶ 10} This court has never adopted the sentencing-package doctrine, and we decline to do so now. The sentencing-package doctrine has no applicability to Ohio sentencing laws: the sentencing court maynot employ the doctrine when sentencing a defendant, and appellatecourts may not utilize the doctrine when reviewing a sentence orsentences. (Emphasis supplied.)
 {¶ 30} "* * *
 {¶ 31} "{¶ 15} Because the sentencing judge must consider *Page 12 
each individual offense, the logical conclusion is that a `sentence' is the sanction or combination of sanctions imposed for each offense. Adopting the sentencing-package doctrine ignores the critical differences between the Ohio and federal sentencing schemes and implies that sentencing judges must disregard the law and focus on the entire array of offenses when imposing sentence. Ohio law has no mechanism for such an approach. Because Ohio does not `bundle' sentences, nothing is `unbundled' when one of several sentences is reversed on appeal."
 {¶ 32} Justice O'Connor further pointed out that R.C. 2929.01(F)(F) defines a sentence as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense, and that the "combination" to which that section refers are those sanctions imposed on a single offense, such as a fine and incarceration. Justice Pfeifer filed a dissenting opinion, and viewed R.C. 2929.01(F)(F) as defining a sentence to mean the entire combination of sanctions imposed on an offender.
 {¶ 33} The particular error that Saxon involved, the appellate court's reversal of multiple sentences on a finding that one was imposed contrary to law, doesn't implicate the *Page 13 
issue presented by Pearce and Wasman, which is whether the sentencing court made affirmative findings sufficient as a matter of law to rebut the presumption of vindictiveness that arises when a harsher sentence is imposed following a reversal and remand. Nevertheless, we believe thatSaxon's clear and unequivocal rejection of the sentence packaging doctrine for the reasons it did denies courts the authority to impose harsher sentences in order to obtain a longer aggregate sentence, which, in effect, considers the offenses as a group in order to impose an omnibus sentence for the group of offenses to satisfy the purposes and principles of sentencing in R.C. 2929.11, as the trial court did in the present case.
 {¶ 34} R.C. 2929.11, like R.C. 2929.14(A)(1)-(5), to whichSaxon referred, applies when a court "sentences an offender for a felony." (Emphasis supplied.) As Saxon pointed out, "[t]he use of the articles `a' and `an' modifying `sentence' and `offense' denotes the singular and does not allow for" sentence packaging. Id., ¶ 13. The same applies to R.C. 2929.11, which sets out the purposes and principles of sentencing applicable to the sentence imposed for each separate offense of which a defendant is convicted. Had the General Assembly intended that the purposes and principles in R.C. 2929.11 apply to all sentences imposed as a group, it *Page 14 
easily could have made those purposes and principles applicable to the group of sanctions imposed on a defendant who is convicted of multiple offenses, but it didn't. Instead, R.C. 2929.11 applies to each discrete sentence the court imposes.
 {¶ 35} The trial court erred when it imposed harsher sentences in order to serve the purposes and principles of sentencing with respect to the aggregate of the four separate offenses the court imposed, because in so doing the court applied the sentence packaging doctrine, which Ohio courts may not employ. Saxon. That error does not portray a vindictive attitude. However, as with respect to the matter of the fewer offenses of which Defendant Bradley was convicted on his guilty pleas, and because it constitutes an error of law, the court's purpose to achieve a greater aggregate sentence cannot serve to rebut the presumption of vindictiveness arising from those harsher sentences.
 {¶ 36} Defendant failed to raise a Pearce challenge in the trial court with respect to the erroneous findings on which the court relied. That failure forfeits his right to raise the issue on appeal. State v.Payne, 114 Ohio St.3d 502. However, forfeiture does not apply to plain error. Id. Because on this record the outcome would clearly have been *Page 15 
different had the error not occurred, plain error is demonstrated.State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 37} Bradley's application for reconsideration is Granted. On reconsideration, our judgment of December 7, 2007, overruling Defendant-Appellant's second assignment of error, concerning the trial court's imposition of harsher sentences for the offenses of aggravated possession of drugs and illegal assembly or possession of chemicals for the manufacture of drugs, is reversed and vacated, and the assignment of error is instead sustained. The sentences imposed for those offenses are also reversed and vacated, and the case is remanded to the trial court for the limited purpose of resentencing for those offenses, consistent with this Decision and Entry.
 SO ORDERED. *Page 1