The STATE of Ohio, Appellee,

v.

BRADLEY, Appellant.

[Cite as State v. Bradley, 184 Ohio App.3d 443, 2009-Ohio-5299.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 09–CA–14.

Decided Oct. 2, 2009.

Nick A. Selvaggio, Champaign County Prosecuting Attorney, and Scott D. Schockling, Assistant Prosecuting Attorney, for appellee.

Stephen B. Hardwick, Assistant State Public Defender, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant Kevin L. Bradley appeals from a felony sentence imposed upon him after this cause was remanded for the purpose of resentencing following our reversal of two of the four felony sentences imposed in this cause in *State v. Bradley*, Champaign App. No. 06CA31, 2008-Ohio-720, 2008 WL 466793. We reversed two of the felony sentences upon the ground that the presumption of a vindictive sentence arising from a harsher sentence after reversal and remand had not been overcome by a satisfactory explanation for the harsher sentence. Id.

{¶ 2} Bradley contends that the harsher sentence that the trial court reimposed upon remand is still not accompanied by an explanation sufficient to overcome the presumption of a vindictive sentence. We agree. Accordingly, we will exercise our discretion, under R.C. 2953.08(G)(2) to modify the sentences imposed in this cause so that they are consistent with the sentences as originally imposed. As modified, the judgment of the trial court is affirmed, and this cause is remanded to the trial court for the purpose of implementing the modification of sentence, in view of the fact that it appears that Bradley may already have served the sentence as modified and therefore be entitled to discharge.

I

{¶ 3} In 2004, Bradley was tried by a jury on 16 counts, including drug offenses and related criminal offenses. He was convicted on 15 counts, and a sentence aggregating 27 ½ years' imprisonment was imposed. Only the sentences on two of those counts are germane to this appeal. Those two sentences were a seven-year sentence for drug possession as a felony of the second degree and a four-year sentence for the illegal assembly or possession of chemicals for the purpose of manufacturing drugs, a felony of the third degree. These were Counts 6 and 15 of the original indictment.

{¶ 4} On appeal, we reversed Bradley's conviction, holding that he had appeared before the jury in jail clothing without having knowingly waived his right not to appear in jail clothing. *State v. Bradley,* Champaign App. No. 2004–CA–

15, 2005-Ohio-6533, 2005 WL 3346082 (*Bradley I*). After that reversal and remand, Bradley was indicted upon six counts of witness tampering and solicitation to commit perjury, based upon phone calls from jail while he was awaiting trial, to his sister and to his teenage son, in which, among other things, he asked his son to commit perjury. These phone calls were introduced in evidence, and Bradley's counsel tacitly acknowledged, during closing argument, Bradley's having made these calls.

{¶ 5} Upon remand, Bradley entered into a plea bargain with the state whereby he would plead guilty to one count of vandalism, a felony of the fifth degree, one count of drug possession, but as a felony of the fifth degree, not of the second degree as originally indicted and tried, one count of illegal assembly or possession of chemicals for the purpose of manufacturing drugs, a felony of the third degree, and one count of solicitation to commit attempted perjury, a felony of the fourth degree. The first three of these four offenses were part of the original indictment upon which Bradley had previously been tried and convicted; specifically, they were Counts 4, 6, and 15, respectively (hereinafter, "Counts 4, 6, and 15"). The last of these four offenses was part of the new indictment (hereinafter, "new Count 1"). All other counts were dismissed.

{¶ 6} As part of Bradley's original sentence, he was sentenced to six months on Count 4, seven years on Count 6, and four years on Count 15, with the sentences on Counts 4 and 6 to be served consecutively, but with the four-year sentence on Count 15 to be served concurrently with those sentences. New Count 1 was, of course, not part of the original sentence.

{¶ 7} On remand, after Bradley's plea was accepted, Bradley was sentenced to one year on Count 4, one year on Count 6 (which had been reduced to a fifth-degree felony from a second-degree felony), five years on Count 15, and one year on new Count 1. All sentences were ordered to be served consecutively, for an aggregate sentence of eight years.

{¶ 8} Bradley appealed from his sentence. He contended, among other things, that the sentence was a vindictive sentence following a reversal on appeal. We initially affirmed. *State v. Bradley,* Champaign App. No. 06CA31, 2007-Ohio-6583, 2007 WL 4305713 (*Bradley II*). On reconsideration, however, we reversed, holding that the presumption of a vindictive sentence arising from a harsher sentence imposed by the same trial judge following reversal on appeal had not been overcome, and we remanded the cause. *State v. Bradley,* Champaign App. No. 06CA31, 2008-Ohio-720, 2008 WL 466793 (*Bradley III*). Our mandate resulting in the sentences from which the appeal presently before us was taken was as follows:

{¶ 9} "On reconsideration, our judgment of December 7, 2007, overruling Defendant–Appellant's second assignment of error, concerning the trial court's

imposition of harsher sentences for the offenses of aggravated possession of drugs [Count 6] and illegal assembly or possession of chemicals for the manufacture of drugs [Count 15] is reversed and vacated, and the assignment of error is instead sustained. *The sentences imposed for those offenses are also reversed and vacated, and the case is remanded to the trial court for the limited purpose of resentencing for those offenses, consistent with this Decision and Entry."* (Emphasis added.)

{¶ 10} Following that mandate, the trial court imposed the same sentence, aggregating eight years. The trial court explained its reasons for imposing a sentence on two counts that was harsher than the sentence on those counts imposed before the initial reversal on appeal:

{¶ 11} "The Court takes the position that the rationale for the increased sentence was the crime that was committed of solicitation of attempted perjury that was committed subsequent to the charges in 2004CR–6, and the Court believes that the fact that the Court did not impose a maximum sentence in case number 234 [the case involving solicitation to commit attempted perjury] is suggestive of a lack of vindictiveness towards this particular defendant in imposing sentence.

{¶ 12} "So with that explanation of the Court's rationale, which the Court believes it has been directed to be able to do by the Court of Appeals, the Court reimposes sentence in 2004CR–6. Count 4, vandalism, fifth degree felony, 12 months; and amended Count 6, aggravated possession of drugs, fifth degree felony, 12 months; Count 15, illegal assembly of [sic] possession of chemicals for manufacture of drugs, five years. 2006CR–234 amended Count 1, solicitation of attempted perjury, fourth degree felony, 12 months.

{¶ 13} "The charges are consecutive. The total sentence that is imposed then is eight and a half years [sic, the sentencing entry correctly specifies a total of eight years]."

{¶ 14} After some discussion of the sentence that is not material to this appeal, the state expressed its concern that the trial court's explanation of its reasons for the harsher sentence might not be sufficient:

{¶ 15} "I would respectfully ask the Court to consider putting additional reasons on the record as to the rationale behind its sentencing structure. Specifically, the State's concern is that the Court in attempting to address the vindictiveness issue has discussed the perjury offense but the State is concerned that it has not sufficiently indicated that the Court has indicated why the other two offense [sic] were elevated.

{¶ 16} "And I believe that we're going to be right back to where we were before which is that the Court has failed to affirmatively state why harsher

sentences were imposed even though it's already stated that it has not imposed a harsher sentence for the perjury offense.

{¶ 17} "THE COURT: The State's belief is that the reason it's not vindictive is because the perjury offense is the culmination of a pattern of interfering with the administration of justice and I think that's a short—

{¶ 18} "MR. SELVAGGIO [representing the State]: Yeah.

{¶ 19} "THE COURT: —version of what you said.

{¶ 20} "MR. SELVAGGIO: Yes.

{¶ 21} "THE COURT: And the Court's adopting that in talking about the perjury. And you're correct. I didn't specify that.

{¶ 22} "MR. SELVAGGIO: All right.

{¶ 23} "THE COURT: I'm not aware of other matters that are being considered. The Court of Appeals has said that this Court is not to consider charges that—upon which there was previous conviction but which are subsequently dismissed.

{¶ 24} "MR. SELVAGGIO: No, and I'm not asking the Court to do that.

{¶ 25} "But what I—you know, I would expect that there's going to be another appeal filed and I would expect that the appellate court is going to review this hearing record to determine what is it that the Court found affirmatively. And if the Court is now indicating that it is affirmatively finding the frustration of the administration of justice as a reason why it's re-looking back at everything, then, you know, then I think that's more than the Court has said before in the same hearing which was just pointing out that it did not impose the harsher sentence on the perjury offense.

{¶ 26} "As the State said, I don't think it—I don't think it took care of the increased penalties on vandalism and possession of drug offense till just now.

{¶ 27} "THE COURT: And the particular facts of the solicitation of perjury are also indicative of an obstruction of justice not only the particular—the particular facts not only the timing of the conduct but also who was involved with the conduct."

{¶ 28} In its sentencing entry filed herein on March 31, 2009, the following statements appear:

{¶ 29} "The Court has re-evaluated the record and considered additional factors in resentencing Defendant. The Court finds that items have come to the Court's knowledge after the original sentencing in Case No. 2004 CR 06. Specifically, Defendant was indicted in Case No. 2006 CR 234 and Defendant *pled guilty to and was convicted of* solicitation of attempted perjury in violation of

R.C. §§ 2923.03(A)(1), 2923.02, AND 2921.11(A)(F), a fourth degree felony. Fn. 5. Additionally, the Court finds that Defendant *still has no genuine remorse* for his conduct and that the public is at risk from his anti-social actions and needs protection. See *State v. Baker*, 3rd Dist.App. No. 14–06–41, 2007 Ohio 1914, ¶¶ 12–14." (Boldface, italics, and footnote sic.)

{¶ 30} Footnote 5 in the above-quoted portion of the sentencing entry is as follows:

{¶ 31} "The Court notes that, while information regarding this charge was known at the time of the original sentencing, Defendant was not indicted for and thus had not pled guilty to committing this additional offense. The Court notes that Defendant's admission and guilty plea are significant factors weighing on Defendant's character and risk to the public from Defendant."

{¶ 32} From the sentence imposed in the entry of March 31, 2009, Bradley appeals.

## II

{¶ 33} Before we address Bradley's assignments of error, we must consider which sentences are before this court for review on appeal. The trial court, Bradley, and the state all agreed, at the sentencing hearing on March 25, 2009, that this court's reference, in its decision and entry on reconsideration reversing and remanding this cause, to the sentences imposed on Counts 6 and 15 of the original indictment constituted a "scrivener's error" and that the sentences intended to be referred to therein were actually the sentences on Counts 4 and 15 of the original indictment. The trial court and the parties proceeded accordingly.

{¶ 34} It may be that the reference in our decision and entry constituting *Bradley III* to Count 6 was erroneous, but that was the judgment of this court upon reconsideration, and it constitutes the law of the case. We consider, therefore, that it is the sentences on Counts 6 and 15, not on Counts 4 and 15, of the original indictment that were remanded to the trial court and are therefore before this court for review. We do note that this makes no practical difference to Bradley because, by virtue of our modification of his sentence, the sentence on Count 4, where he would be entitled to a reduction to six months from the currently imposed sentence of 12 months, would all be subsumed under the concurrent four-year sentence for Count 15, anyway.

## III

{¶ 35} Bradley's second assignment of error, which we find to be dispositive, is as follows:

{¶ 36} "The trial court erred by imposing a vindictive sentence based on facts known to it at the time of the original sentence. Fifth and Fourteenth Amendments to the United States Constitution."

{¶ 37} When the same trial judge imposes a harsher sentence upon a criminal defendant upon remand after a reversal on appeal, there is a presumption of a vindictive sentence, which may, however, be overcome with a suitable explanation for the harsher sentence. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. A suitable explanation may consist of conduct or events discovered since the prior sentencing that throw " 'new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.' " *Wasman v. United States* (1984), 468 U.S. 559, 570–571, 104 S.Ct. 3217, 82 L.Ed.2d 424.

{¶ 38} In justifying the harsher sentences imposed in this case, the state and the trial court rely upon Bradley's subsequent conviction, following a guilty plea, to one count of solicitation to commit attempted perjury. This conviction, and the indictment leading up to it, was based upon several telephone calls that Bradley made to his sister and to his teenage son, while Bradley was in jail awaiting trial on the original indictment, in which he encouraged his son, at least, to lie at trial to protect Bradley.

{¶ 39} In his brief, Bradley asserts, and the state does not dispute, that these telephone calls were brought out at his trial on the original indictment and were also acknowledged as "inexcusable" facts by Bradley's trial counsel in his closing argument to the jury.

{¶ 40} In *Wasman*, the trial judge was advised, at the defendant's initial sentencing, that mail fraud charges were then pending against the defendant. Defense counsel objected to the trial court's consideration of these charges because the defendant had not yet responded to them. The trial judge "explained that he always considered prior convictions when sentencing a defendant but that he did not consider pending charges." *Wasman*, 468 U.S. at 561, 104 S.Ct. 3217, 82 L.Ed.2d 424. After an unrelated reversal and remand, the same trial judge imposed a harsher sentence, explaining that the criminal charges that had been pending against the defendant had since resulted in one additional conviction on his criminal record, justifying the harsher sentence.

{¶ 41} In that part of the lead opinion in *Wasman*, in which a majority of the court concurred, the court held that the trial judge's explanation for the harsher sentence on remand was careful and satisfactory:

{¶ 42} "Here, the trial judge's justification is plain even from the record of petitioner's first sentencing proceeding; the judge informed the parties that, although he did not consider *charges* when sentencing a defendant, he always

took into account prior criminal *convictions*. This, of course, was proper; indeed, failure to do so would have been inappropriate." (Emphasis sic.) Id. at 570, 104 S.Ct. 3217, 82 L.Ed.2d 424.

{¶ 43} The court concluded by holding, in a part of the opinion concurred in by a majority:

{¶ 44} "We hold that after retrial and conviction following a defendant's successful appeal, a sentencing authority may justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings." Id. at 572, 104 S.Ct. 3217, 82 L.Ed.2d 424.

{¶ 45} We agree with Bradley that his case is distinguishable from *Wasman*. In the case before us, the facts relied upon by the trial court for a harsher sentence were not pending charges (Bradley was not indicted until later), but acknowledged conduct on his part that reflected poorly on his life, conduct, and mental and moral propensities. There was no reason for the trial court not to have taken into consideration Bradley's efforts to suborn perjury at his original trial in its initial sentencing decision, and, unlike in *Wasman*, the record does not demonstrate that the trial court failed to take that conduct into consideration in the original sentencing decision. As a result, that conduct was not a new consideration, not present at the time of the original sentencing decision, that would justify a harsher sentence upon remand after a reversal, and thereby rebut the presumption of a vindictive sentence.

{¶ 46} In footnote 5 to its latest sentencing entry, the trial court notes that while the information regarding the solicitation to commit attempted perjury charge was known by it at the time of the original sentencing, Bradley's subsequent decision to plead guilty to having committed that offense is a "significant factor weighing on Defendant's character and risk to the public from Defendant." We agree with Bradley that this is not a justification for a harsher sentence. Bradley's misconduct in soliciting perjury was acknowledged by him at the original trial. Thus, the only fact relevant to sentencing represented by his guilty plea is his decision to plead guilty, which, even when it is the result of a plea bargain, is normally thought of as a positive factor in sentencing, not a negative factor.

{¶ 47} The only other fact that the trial court set forth in the sentencing entry from which this appeal is taken (but which was not mentioned at the hearing) is that Bradley "still" had no genuine remorse for his conduct. This rationale is not persuasive in view of the trial court's declaration, at a prior sentencing hearing:

{¶ 48} "[T]he Court has been impressed throughout this current case proceeding about defendant's view of his conduct in making the phone call to his son. The Court chooses to believe that the defendant is sincerely remorseful for the

affect [sic] that it's had on his son. The Court accepts the concept that every time the defendant committed that offense that he was thinking more of himself, and that he's regretted it ever since then."

{¶ 49} We conclude that upon this record, the presumption of a vindictive sentence occasioned by a harsher sentence imposed by the same trial judge upon remand following reversal on appeal has not been overcome. Bradley's second assignment of error is sustained.

## IV

{¶ 50} Bradley's first assignment of error is as follows:

{¶ 51} "The law of the case establishes that any increase in Mr. Bradley's sentences were the result of vindictive sentencing."

{¶ 52} Here, Bradley argues, as he did at the resentencing hearing, that our judgment in *Bradley III* merely remanded this cause for the imposition of sentences that would not be harsher than those originally imposed and did not permit the trial court to impose harsher sentences and accompany those harsher sentences with an explanation sufficient to overcome the presumption of a vindictive sentence. The state argues here, as it did at the resentencing hearing, that our mandate in *Bradley III* was broad enough to include the imposition of harsher sentences accompanied by a sufficient explanation.

{¶ 53} We find it unnecessary to determine which construction of *Bradley III* is correct. This issue becomes moot in view of the relief we are ordering in this appeal. Bradley's first assignment of error is overruled as moot.

## V

{¶ 54} Bradley's third assignment of error is as follows:

{¶ 55} "The trial court erred by adding after-the-fact findings to the judgment entry that are inconsistent with previous holdings."

{¶ 56} This assignment of error, also, is rendered moot by the relief we are ordering in this appeal. Bradley's third assignment of error is overruled as moot.

## VI

{¶ 57} By sustaining Bradley's second assignment of error, we have found that the explanation set forth in the record is not sufficient to overcome the presumption of a vindictive sentence resulting from harsher sentences being imposed by the same trial judge upon remand following reversal on appeal. We conclude that we have authority, under R.C. 2953.08(G)(2), to modify the sentences so that

they are lawful. Rather than remand this cause for yet another resentencing, we decide to exercise our authority under R.C. 2953.08(G)(2).

{¶ 58} As we have previously noted, the sentences under review in this appeal are the 12–month sentence for Count 6, and the five-year sentence for Count 15. The sentence for Count 6 is unchanged from the original sentence; therefore, there is no reason to disturb it. The sentence for Count 15 was originally a four-year sentence, to be served concurrently with the sentences for Counts 4 and 6. As a result of the resentencing, it is now increased to a five-year sentence, to be served consecutively with the sentences for Counts 4 and 6 and for new Count 1. Both the increase in the term of this sentence, and the making of it to be consecutive with the sentences for Counts 4 and 6, as opposed to its being concurrent with those sentences, unquestionably render it a harsher sentence. But the trial court's having ordered the sentences for Count 15 and new Count 1 to be served consecutively cannot be said to have made the sentence for Count 15 harsher, because a sentence for new Count 1 was not part of the original sentencing, so the relationship, whether consecutive or concurrent, of the sentence for Count 15 to the sentence for new Count 1 was not specified in the original sentencing order.

{¶ 59} We conclude, therefore, that a lawful sentence, and an appropriate sentence in this case, is as follows:

{¶ 60} For Count 4, vandalism, a sentence of 12 months.

{¶ 61} For Count 6, drug possession, a sentence of 12 months, to be served consecutively to the sentence for Count 4.

{¶ 62} For Count 15, illegal assembly or possession of chemicals for the purpose of manufacturing drugs, a sentence of four years, to be served concurrently with the sentences for Counts 4 and 6.

{¶ 63} For new Count 1, solicitation to commit attempted perjury, 12 months, to be served consecutively with the sentences for Counts 4, 6, and 15.

{¶ 64} The aggregate term of imprisonment for these sentences is five years, since the 12–month sentence for new Count 1 is to be served consecutively with the four-year sentence for Count 15.

{¶ 65} The sentence imposed by the trial court is modified as recited above. As modified, the judgment of the trial court is affirmed. This cause is remanded to the trial court for implementation of the sentence, which may include an order for Bradley's immediate discharge, since it is our understanding that he may have already completed at least five years of the aggregate sentence. Any order of

discharge should reflect that it is without prejudice to any independent basis upon which the state may be entitled to hold Bradley in custody.

Judgment reversed<br>and cause remanded.

DONOVAN, P.J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

{¶ 66} The trial court justified the harsher sentence it imposed by reference to the fact that since his initial sentence, defendant had pleaded guilty to solicitation to commit attempted perjury, admitting his culpability in committing that offense.

{¶ 67} Defendant argues that his guilty plea was not a matter that threw new light on his life, conduct, and mental and moral propensities, *Wasman v. United States* (1984), 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424, for two reasons.

{¶ 68} First, defendant argues that he admitted his guilt at trial, prior to his initial sentence. As it turns out, this "admission" was merely a concession made by defendant's counsel in his closing argument that defendant had called his son from jail, urging him to commit perjury. That concession was to the strength of the evidence of that matter, in the form of a tape recording of the call the jury heard. It was not a personal admission of guilt by defendant.

{¶ 69} Second, defendant argues that having heard the tape recording of his call that was played for the jury, the court was necessarily aware of defendant's conduct in committing the perjury offense. Therefore, defendant's later admission that he engaged in that conduct and was guilty on account of it did not throw "new light" on his life, conduct, or mental and moral propensities. *Wasman.* Persuaded by this argument, in relation to the facts in *Wasman*, the majority finds that the justification the court offered for imposing a harsher sentence is insufficient to rebut the resulting presumption of vindictiveness. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

{¶ 70} Unlike in *Wasman*, no additional charges arising from defendant's telephone call to his son were pending when the court imposed its initial sentence. Therefore, the court had no occasion to disclaim any reliance on such additional charges, as the court in *Wasman* did. Instead, the record of the proceeding in which defendant's initial sentence was imposed is utterly silent with respect to the matter of defendant's call to his son. That silent record supports an inference that the court gave no consideration to that matter when it imposed the initial sentence, even though it could have. That the court didn't consider the matter gains further support from two additional facts.

{¶ 71} As the state points out, defendant's initial sentence was imposed prior to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and the court's journal entry of judgment, conviction, and sentence filed on January 22, 2004, made findings of fact to support the sentence the court imposed. None of those findings concerned defendant's telephone call to his son or the criminal conduct it involved. Also, the court might reasonably have anticipated that additional perjury charges would be filed and, therefore, wished to avoid multiple punishments should defendant later be convicted of those charges.

{¶ 72} Against that background, the court's subsequent express reference to defendant's guilty plea and his admission to solicitation to commit attempted perjury in connection with the harsher sentence it imposed reasonably demonstrates that the court then considered that matter for the first time, and did so because defendant admitted criminal culpability that had been neither admitted nor judicially determined when the initial sentence was imposed. That explanation, in my view, is sufficiently suitable to justify the harsher sentence the court imposed. I would therefore overrule the second assignment of error and proceed to decide the other errors assigned.