[Cite as *State v. Dusek*, 2019-Ohio-3477.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                           :

    Plaintiff-Appellant,                 :    Case No.   18CA18

vs.                                      :

KARROLLE-ANN N. DUSEK,                   :    DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.                  :

_____

APPEARANCES:

Benjamin E. Fickel, Hocking County Prosecuting Attorney, Logan, Ohio, for appellant.

Ryan Shepler, Logan, Ohio, for appellee.[1]

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-22-19
ABELE, J.

{¶ 1} The State of Ohio, plaintiff below and appellant herein, appeals the sentence that the Hocking County Common Pleas Court imposed on Karrolle-Ann N. Dusek, defendant below and appellee herein.   Appellant raises one assignment of error for review:

ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW:
A. THE TRIAL COURT SENTENCED APPELLANT TO COMMUNITY CONTROL WITHOUT MAKING CERTAIN STATUTORY FINDINGS;
B. THE SENTENCE IS PREMISED ON INCONSISTENT

_____
[1]Different counsel represented appellant during the trial court proceedings.

STATUTORY FINDINGS."

{¶ 2} On June 3, 2017, the Hocking County Sheriff's Department stopped a vehicle after the driver committed a traffic violation. Appellee was a passenger in the vehicle. A later search of the appellee's purse resulted in the seizure of 76 grams of methamphetamine. Appellee also possessed a stolen firearm.

{¶ 3} Subsequently, appellee pleaded guilty pursuant to a plea agreement to (1) Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(b), a third degree felony, and (2) Receiving Stolen Property in violation of R.C. 2913.51(A), a fourth degree felony. In exchange for appellee's guilty plea, appellant recommended a three year sentence on count one and a two year sentence on count two, with the sentences to be served consecutively for a total sentence of four years.

{¶ 4} At the sentencing hearing, and after considering appellee's statement and other various factors, the trial court imposed five years of community control on each count, to be served concurrently. Also, the court notified appellee that a community control violation could result in the imposition of consecutive prison sentences of up to three years for count one and one year for count two, for a total sentence of four years.

{¶ 5} In its sole assignment of error, appellant asserts that the sentence the trial court imposed is contrary to law. In particular, appellant argues that, in light of appellee's conviction for Aggravated Possession of Drugs in violation of R.C. 2925.11(C)(1)(b), R.C. 2929.13(D) requires a court to make specific judicial findings if the court opts to impose a community control sanction, or a combination of community control sanctions, rather than impose a prison term. Appellant points out that in the case sub judice the trial court disregarded the statutory presumption for prison and, instead, imposed a community control sanction. Therefore, appellant seeks a reversal and remand

for resentencing so that the trial court may consider all relevant factors and make all required statutory findings.

{¶ 6} Appellee candidly agrees that the trial court did not make the necessary statutory findings in order to impose a community control sanction, and further agrees that the court did not make the various findings necessary to impose consecutive sentences.  See R.C. 2929.14(C)(4) and R.C. 2929.13(D)(2).  Appellee, however, also contends that (1) in this case a community control sanction is entirely proper, especially in view of appellee's progress in overcoming her addiction to drugs, and (2) the trial court has already implicitly determined that it is not necessary to incarcerate the appellee to protect the public from future crime or to punish the offender.  Thus, appellant reasons, after remand the trial court must not impose a more severe sentence.  *State v. Bradley*, 184 Ohio App.3d 443, 2009-Ohio-5299.

{¶ 7} After our review, and after consideration of the parties' arguments, we agree that the sentence that the trial court imposed in this matter must be reversed and remanded in order for the court to resentence the appellee in conformance with the aforementioned statutory provisions.  We hasten to add, however, that we take no position, nor express any preference, about the nature of the sentence that the trial court may impose after remand.

{¶ 8} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignment of error, reverse the trial court's sentence and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH THIS
OPINION.

## JUDGMENT ENTRY

It is ordered that the judgment be reversed and cause remanded for further proceedings consistent with this opinion.   Appellee and appellant shall equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.   The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.   If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.   Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.